CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

August 22, 2024

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. 5:11-cr-031 |
| ) | |
| ANJAY PATEL, et al.,  ) | By:   Michael F. Urbanski |
| ) | Senior United States District Judge |
| Defendants.  ) | |

## MEMORANDUM OPINION

This matter comes before the court on a petition for clarification filed by Shilpaben Patel[1] pursuant to the All Writs Act, 28 U.S.C. § 1651. ECF No. 976. Shilpaben asks the court to enter an order that clarifies the outcome of forfeiture proceedings in this criminal case. Specifically, Shilpaben contends that previous orders regarding forfeiture in this case have left some ambiguity as to ownership of property located at 730 West Main Street in Clinton, South Carolina (the "Clinton property"). Id. ¶¶ 33–37. For the reasons stated herein, the petition is **DISMISSED**.

The government responded to the petition, ECF No. 984, as did Nilesh Patel and Naya, Inc., two entities that claim ownership of the Clinton property, ECF No. 985. Shilpaben then filed a reply. ECF No. 986. The government argues that the All Writs Act is inapplicable here in light of the complex statutory scheme governing forfeiture in this case. See ECF No. 984, at 2–4. The government additionally contends that a ruling on this petition would constitute

---

[1] Several parties involved in this petition share the surname Patel, so the court will refer to these individuals by their given names.

1

an advisory opinion. For their part, Nilesh Patel and Naya, Inc. ask the court to enter an order clarifying that Shilpaben has no interest in the Clinton property. See ECF No. 985, at 11.

## I. Background

On October 6, 2011, the grand jury returned a 180-count Indictment charging ten defendants with conspiracy to traffic contraband cigarettes, conspiracy to commit money laundering, and conspiracy to traffic in counterfeit state tax stamps, among related crimes. See Indictment, ECF No. 3. Shilpaben and her husband, Anjay Patel, were charged in the Indictment, and Shilpaben later entered into a deferred prosecution agreement ("DPA") with the government. See DPA, ECF No. 984-1. In the statement of facts attached to the DPA, Shilpaben admitted that "at the direction and instigation of her husband, [she] purchased and/or held real estate, bank accounts, businesses, and other assets in her name, when in truth and in fact, Anjay Patel was the true purchaser and/or owner of such assets." Id. at 6. Moreover, Shilpaben agreed to forfeit any interest she held in numerous assets, including the Clinton property, as part of the DPA. See id. at 15 (listing the Clinton property among the assets Shilpaben agreed to forfeit). On March 8, 2013, the court dismissed the Indictment against Shilpaben pursuant to the DPA, see Order, ECF No. 504, and on May 21, 2014, the court entered default against Shilpaben with respect to her interest in the Clinton property and certain other assets subject to forfeiture, see Order, ECF No. 783, at 2.[2]

Anjay Patel pled guilty to six counts of the Indictment. See Guilty Plea Form as to Anjay Ravindrabhai Patel, ECF No. 492. As part of the guilty plea, Anjay admitted that he

---

[2] Because the court dismissed the Indictment against Shilpaben, she was not subject to judicial forfeiture proceedings in this case. However, the court did order forfeiture of Anjay Patel's interest in the Clinton property, and Shilpaben did not challenge that decision. Accordingly, the court entered default against her with respect to any interest she held in the Clinton property. See Order, ECF No. 783, at 2.

2

transferred certain assets to others to conceal his ownership interests. See Factual Basis, ECF No. 491. On August 14, 2013, the court sentenced Anjay to 84 months of imprisonment and ordered that he pay $2,600,000.00 in restitution to the State of South Carolina.[3] See Judgment, ECF No. 654. Additionally, the court entered an amended preliminary order of forfeiture, which was final as to Anjay Patel, that authorized the United States to seize certain of his assets, including his interest in the Clinton property. See Forfeited Assets, ECF No. 654-5, at 5 (listing the Clinton property as a forfeited asset).

On February 12, 2014, Nilesh Patel and Naya, Inc. filed a petition to adjudicate their interests in the Clinton property in light of the forfeiture proceedings that had occurred up to that time in this case. ECF No. 759. Seven and a half years later, on August 2, 2021, the court entered an order forfeiting $33,250.00 to the United States "submitted by Nilesh Patel in lieu of the interest of the United States in 12-ATF-022584- 730 W. Main Street, Clinton, SC." Order, ECF No. 959, at 2. In their response to Shilpaben's petition, Nilesh Patel and Naya, Inc. explained that they had entered into a settlement agreement with the United States, pursuant to which the government had released the Clinton property to Nilesh and Naya, Inc. for the settlement sum of $33,250.00. See Nilesh Patel & Naya, Inc.'s Resp., ECF No. 985, at 4.

On May 2, 2024, Shilpaben Patel filed this petition for clarification. ECF No. 976. She contends that she continues to have an interest in the Clinton property and that a different property was subject to forfeiture, though she does not identify this different property. Id.

---

[3] The court ordered that Anjay and several other defendants were jointly and severally liable for this restitution amount. See Restitution Order, ECF No. 654-1, at 1.

3

¶¶ 33–37. She contends that an order of clarification from the court "will resolve any ambiguity and will prevent the parties from litigation in a court [that] did not conduct the proceedings or rule on the Motions and Petitions concerning the forfeiture of property in this case." Id. ¶ 37.

## II. Legal Standard

The All Writs Act provides:

> (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
>
> (b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

28 U.S.C. § 1651. The Act "authorize[s] a federal court 'to issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained.'" Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 40 (1985) (quoting United States v. N.Y. Tel. Co., 434 U.S. 159, 172 (1977)). However, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Id. at 43.

## III. Discussion

Forfeiture in federal criminal cases is governed by a complex statutory scheme. From its inception, this case's forfeiture proceedings have invoked numerous criminal and civil statutes, including 18 U.S.C. §§ 981, 982, 1956, 1957, and 2342, as well as 28 U.S.C. § 2461. See, e.g., Indictment, ECF No. 3, at 77 (identifying the various statutes relevant to forfeiture).

Forfeiture is also governed by Federal Rule of Criminal Procedure 32.2. It is from these statutes and this rule that the court draws its authority to order forfeiture—not the All Writs Act. See United States v. Guerra, 426 F. App'x 694, 698 (11th Cir. 2011) (stating that the All Writs Act does not give a federal court the authority to modify a forfeiture order).

Here, Shilpaben Patel invokes the All Writs Act in asking the court to clarify which property is subject to forfeiture in this case. However, the Act does not vest the court with authority to act under these circumstances because a complex statutory scheme governed the forfeiture proceedings in this case. Additionally, it is not clear that this case involves a live dispute given the fact that the court concluded forfeiture proceedings in this case several years ago. See Order, ECF No. 959. Accordingly, Shilpaben Patel's petition is **DISMISSED**.

An appropriate order will be entered.

Entered: August 22, 2024

Mike Urbanski
Senior U.S. District Judge
2024.08.22 14:18:41 -04'00'

Michael F. Urbanski
Senior United States District Judge